KISTEN
*vs*
HILDEBRAND.

the adm'r as should be equal to the debt sued for, interest and costs—Held that such a release did not qualify her to be a witness for the administrator.

Wherefore, the judgment is affirmed.

*J. & W. L. Harlan* for appellant; *E. I. Bullock* for appellee.

---

CASE.

Case 28.

January 3.

Case stated—pleadings and judgment of the Circuit Court.

## Kisten *vs* Hildebrand.

ERROR TO THE JEFFERSON CIRCUIT.

*Tavern keepers. Inn keepers. Bailments. Instructions.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS action on the case was brought to recover from Kisten, as an inn keeper, a large sum of money alleged to have been taken, through the default and negligence of the defendant, his servants, &c., from the trunk of the plaintiff, in the inn of the defendant, he [the plaintiff, being then a guest therein. The form of proceeding against inn keepers in England, upon the custom of the realm, seems to have been substantially pursued.

The declaration sets out as the foundation of the action, that "by the custom and law of this Commonwealth, inn keepers who keep common inns for entertaining men travelling through those parts where those inns are, and in the same abiding, their goods and chattels and money, within those inns being, are bound to keep, day and night, without diminution or loss, so that through the default of the said inn keepers or their servants, damage to such guests might not, in any manner happen," &c. &c., and alleges that through the default of the defendant and his servants, the money was taken and carried away. by certain malefactors. A demurrer to the declaration was overruled, and a trial being had on the plea of not guilty, filed with the demurrer, a verdict for $300 was found against the defendant, who prosecutes this writ of error for the reversal of the judgment rendered upon it.

As the custom of the realm of England, with regard to inns and inn keepers, and the liability of the latter, was a general custom, and therefore, a part of the common law, we assume that so far as it is applicable and not inconsistent with our own local laws and usages, it is also a part of the common law of this State. Under this assumption, we are of opinion that taking into view the preamble to the declaration, in which the defendant is charged to be an inn keeper, a cause of action under the law set forth, is substantially shown. The demurrer to the declaration was, therefore, properly overruled—and we only remark further, that it is no more necessary in this than in other cases, to set out the law of the land on which the action is founded.

*The common law of England in regard to the liability of innkeepers, so far as not changed by statute, is the common law here—and it is not necessary to set out the law in pleading.*

The law with regard to the liability of inn keepers being one of extreme rigor, it is essential to the safety of all persons who may be engaged in the business of entertaining others in their houses for reward, that the extent of its application should be clearly defined, and that it should not be carried beyond its proper limits.

An inn keeper is *prima facie* liable for all losses which happen to the goods of his guest in his inn, all such being attributed to him on the ground of public policy,

*An inn keeper is prima facie liable for all losses which happen to*

the goods of his guest in the inn. But not for a loss by external force or robbery, or if the loss occur by the neglect of the guest, or the act of the servant of the guest or his companion.

An inn keeper is one who makes it his business to entertain travellers or passengers and provide lodging and necessaries for them and their horses and attendants. (Bac. Ab. Tit., Inns and Inn Keepers; Story on Bailments, sec. 475.) He may keep an inn without keeping food for horses.

He is bound to entertain such as desire it, without good excuse, as that his house is full, &c.

One who entertains strangers at a watering place is not an inn keeper, nor is the keeper of a

and the confidence necessarily reposed in him, and on account of the difficulty of proving actual negligence. But he is not liable if the loss be occasioned by external force or robbery—or if it be attributable to the neglect of the guest, or to the act of his servant or companion.

This being the extent of his liability to his guests, it is important to determine who is an inn keeper, and who may claim the benefit of this liability.

It was laid down in Calyor's case, (8 Coke, 32,) that common inns were instituted for passengers and way-faring men. And we think it will be found that the great liability imposed upon them, is for the benefit of travellers and transient persons, who are often compelled to resort to inns for shelter and entertainment without the means of knowing the character of the host; and without the opportunity of securing themselves against loss or damage to their goods. A common inn keeper is defined to be "a person who makes it his business to entertain travellers and passengers, and provide lodging and necessaries for them and their horses and attendants." (Bacon's Ab. Inns and Inn keepers, B.; Story on Bailments, Sec. 475.) But it has been decided that a man may be an inn keeper, and liable as such, though he have no provision for horses. It is not necessary that he should have a sign indicating that he is an inn keeper, but it must be his business to entertain travellers and passengers.

His duty extends chiefly to the entertaining and harboring of travellers, &c., and therefore, if one who keeps a common inn refuses to receive a traveller, or to find him in victuals, &c. for a reasonable price, (without good excuse, as that his house is full,) he is liable not only to a civil action, but to an indictment. For having taken upon himself a public employment, he must serve the public to the extent of that employment. (Bacon's Ab. Inns and Inn keepers, C. 1.)

One who lodges and entertains strangers at a watering place, who come to drink the waters, if he entertain no others, is not thereby an inn keeper: (Bacon's Ab. Inns and Inn keepers, B.) So the keeper of a coffee house or a boarding house, is not as such, an inn keeper:

(*Story on Bailments, Sec.* 475.) It must be a house kept open publicly for the lodging and entertainment of travellers in general, for a reasonable compensation: (2 *Kent's Com.* 595.) And although the house be an inn, and the keeper an inn keeper, it does not follow that he is under the same liability to all persons who may be staying at the inn with their goods. The length of time that a man stays at an inn does not make the difference, "though he stay a week, or a month or more, so always though not strictly *transeuns,* he retains his character as a traveller:" (*Story on Bailments, Sec.* 177; *Bacon's Ab. Inns and Inn keepers, C.* 5.) "But if a person comes upon a special contract to board and sojourn at the inn, he is not, in the sense of the law a guest, but a boarder:" (*Same authorities.*)

We greatly doubt whether the evidence in this case is sufficient to authorize the conclusion that the defendant was an inn keeper, or that professedly, or in point of fact, he had assumed the business of receiving and entertaining the travelling public generally, or that his character or business or employment was such as to preclude him from refusing to receive and entertain any person at his own pleasure, or to render him liable either to an action or an indictment for such refusal. As the keeper of a common inn may have inmates of his house, for a reward, to whom he may not be under the strict liability of an inn keeper; so may the keeper of a boarding house occasionally entertain transient persons without acquiring the character, or being under the responsibilities of an inn keeper. And certainly a man professing to be the keeper of a boarding house, or a licensed coffee house, is not, though he also entertain travellers, liable to his boarders as an inn keeper is liable to his travelling guests. Conceding then, that the evidence authorized the jury to find that the defendant was an inn keeper, because he occasionally entertained travellers, it is also certain that his professed and ordinary business was that of the keeper of a coffee house and boarding house. And although the evidence is not very explicit with regard to the character in which the plaintiff was an inmate of the house, we think it was suf-

coffee house or boarding house. (*Story on Bailments, sec.* 475; 2 *Kent's Com.* 595.) One entertained on a special contract to sojourn for a time, is not a guest of the inn, but a boarder. (*Bacon Ab. Inns and Inn Keepers C.* 5; *Story on Bailments* 5, *sec.* 477.)

cient to authorize the jury to infer that he was there as a boarder and not as a traveller or temporary trader. And as the instructions of the Court submitted to the jury as the decisive question, the single inquiry whether the defendant was an inn keeper or not, and sustained, or rather required a verdict against him if he was so found to be, we think it was erroneous in withdrawing from the jury the question whether the plaintiff was a guest entitled to the benefit of the extreme liability imposed upon an inn keeper in favor of travellers, or whether he was a mere boarder. The instructions also assume that the plaintiff's money was taken in defendant's house, which should have been left to the jury, although this assumption is perhaps sufficiently authorized by the evidence, and would not be deemed a ground of reversal. We are also of opinion, that the definition of an inn keeper, given to the jury, [though correct, should have been more explicit; and that as the Court told the jury that the calling of a house a coffee house or a boarding house, did not change the liability of the defendant if he was an inn keeper, they should also have been told that the occasional entertainment of travellers did not make a boarding house or a coffee house a common inn, and that if the plaintiff was a boarder, and not a traveller, he could not recover upon the general liability of an inn keeper.

The court in giving instructions should carefully leave the jury to their own opinion of the facts. The court should especially, when asked to do so, correct counsel in any misstatement of the law to the jury in argument.

The Court having undertaken on its own motion to state the law to the jury, should have stated the law as applicable to the whole case, leaving to them the decision of all questions of fact arising on the evidence. And as the Court had not stated the liability of an inn keeper, we think the incorrect statement of the plaintiff's counsel in his concluding argument to the jury, should have been corrected at the request of the defendant's counsel.

Wherefore, the judgment is reversed, and the case remanded for a new trial in conformity with this opinion.

*Pirtle & Speed* for plaintiff; *Guthrie & Wolfe* for defendant.