## JONATHAN C. LAWRENCE and JOHN MANN, *Respondents, v.* GEORGE W. HOWARD, *Appellant.*

LIABILITY OF HOTEL AND INN KEEPERS.—A party living at a Hotel, as a regular boarder, by the month, at a fixed price, is in no sense a guest so as to hold the proprietors liable as Innkeepers. In such a case they are liable only as Boarding House Keepers, and are held to ordinary diligence only.

LIABILITY OF BAILEES WITHOUT REWARD.—When a boarder is ordered to leave a Hotel for not paying his board, and thereupon leaves without removing his baggage, the proprietors thereafter are reckoned as bailees thereof, without reward, and are responsible for gross negligence only.

CONTRIBUTORY NEGLIGENCE OF BAILOR.—A guest who, upon leaving a Hotel, fails to demand his baggage, and the same is left in the Hotel, and is finally lost, thus contributes to the loss, and the proprietors as bailees, are only bound to take slight care of the property.

APPEAL from the District Court of the Third Judicial District.

The facts appear in the Opinion of the Court.

*Robertson & McBride* for Appellant.

*Haydon & Gilchrist* for Respondents.

BOREMAN, J., delivered the Opinion of the Court.

Lawrence and Mann sued Howard upon a board bill, which had been assigned to them by Tilden & Lawrence. The latter were hotel keepers in Salt Lake City, and Plaintiffs were their successors in business.

The Defendant denies the account, and for further defense, sets up that Plaintiff's are indebted to him in a sum exceeding said account, for baggage and clothing of his, detained by Plaintiffs, and converted to their own use.

In this country hotel keepers act in a double capacity, being both innkeepers and boarding-house keepers. As innkeepers, they entertain travelers and transient persons, those who come without bargain as to time and price, and go away at pleasure, paying for only actual entertainment received.   As boarding-house keepers they entertain residents and regular boarders and lodgers for definite lengths of time and at specific prices previously agreed upon.

In the case before us, the Defendant was not a traveler nor a transient guest, but one living at the hotel as a regular boarder by the month, at a price fixed by contract.   The Defendant was a resident of Salt Lake City, and his place of abode in that city was the hotel of Plaintiffs' assignors.   The hotel was his home.   He was in no sense a guest, so as to hold the Plaintiffs or their assignors, to their peculiar liability as innkeepers.   They were liable only as boarding-house keepers.

If the goods were taken whilst Defendant was still a boarder and lodger at the hotel, the Plaintiffs were not liable, as ordinary diligence was used by the keepers of the house to make safe all articles left in the rooms, by requiring the lodgers to deposit the keys in the hotel office.   Instead of obeying this rule, the Defendant frequently left the key of his room in the door.   He was thus guilty of the only negligence shown to exist whilst he remained as a boarder.   But it is not claimed that the goods were lost whilst he was a boarder and lodger, but

after he was turned out of the hotel. After he was ordered to leave the hotel for not paying his board, and did leave, without taking his baggage or asking therefor, the Plaintiff's could only be reckoned as bailees without reward, and responsible therefore, for only gross negligence. They allowed the baggage to remain in the room lately occupied by defendant, and did not remove it at the time he left the hotel. Afterwards, however, it was removed to the baggage room. He did not demand the goods when he left the house, nor were they offered to him by the Plaintiff's. The evidence goes to show plainly that if Defendant had demanded his goods at the time he left the hotel, or shortly thereafter, they would have been delivered to him without hesitation. He some time afterwards did, however, come to the hotel for his baggage, clothing, etc., and was told that they would be given to him, but upon search being made none of them could be found, except a trunk, which was delivered to him, and by him taken away. Upon this state of the case, we cannot say that the Plaintiffs or their assignors were guilty of gross negligence. The baggage room at a hotel is the usual place for keeping all baggage not called for. And although the goods were not, at the time the Defendant was turned away from the hotel, tendered to him, and the failure so to do may have been negligence, yet we cannot look upon it as gross negligence; nor do we think that the Plaintiffs or their assignors were at any time guilty of gross negligence respecting the property of the Defendant. The Defendant's own negligence contributed to the loss. Had he asked for his property when he quitted the hotel, he would have received it, and this defense would never have been set up. The Plaintiffs could be required to take only slight care of the property; yet, they did more than this, and showed ordinary care. There is, therefore, no responsibility upon the Plaintiffs for the loss of Defendant's goods.

The Judgment of the Court below is affirmed.

MCKEAN, C. J., and EMERSON, J., concurred.