[Civil No. 469.   Filed January 20, 1896.]

[43 Pac. 221.]

JOHN SROUFE and CHARLES J. CROWELL, Partners,
doing business under the firm name and style of JOHN
SROUFE & CO., Defendants and Appellants, v. SOTO
BROS. & CO., Plaintiffs and Appellees.

1. ACTION—PARTIES—REAL PARTY IN INTEREST—ASSIGNEES FOR COL-
LECTION ONLY—REV. STATS. ARIZ. 1887, PARS. 680, 681, SECS. 32, 33,
AND LAWS 1893, ACT No. 22, P. 16, AMENDATORY THERETO, CON-
STRUED.—The statute, *supra,* amending paragraph 680, *supra,* pro-
vides: "Every action shall be prosecuted in the name of the real
party in interest; provided, an executor or an administrator, or a
trustee of an express trust, or a person expressly authorized by
statute, may sue without joining with him the person for whose
benefit the action is brought. A person with whom or in whose name
a contract for the benefit of another is made, and the assignee of
any chose in action is a trustee of an express trust, within the
meaning of this section." Under this statute the assignee of an
account for the purpose of collection only, as the holder of the legal
title, can sue for and recover the whole amount thereof.

HAWKINS, J., dissents on the ground of failure of proof.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Cochise.
Joseph D. Bethune, Judge.   Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellants.

It was held in *Ritter* v. *Stevenson,* a case similar to the one
at bar, that such an assignment as this is void, and holds the
plaintiff is not the real party in interest. *Ritter* v. *Steven-
son,* 7 Cal. 388. This was reaffirmed in *Ritter* v. *Stevenson,*
11 Cal. 27, and cited with approval in *Shyrme* v. *Occidental
Mill Co.,* 8 Nev. 231.

The case of *Bostwick* v. *Bryant,* 113 Ind. 448, 16 N. W.
378, holds that a note transferred and assigned without con-
sideration, solely for the purpose of suing and collecting the
same for the benefit of the assignor, cannot be sued for in the
name of the assignee, because he is not the real party in in-
terest.

*Robins* v. *Deverell,* 20 Wis. 148, holds that such assignee is not the real party in interest nor a trustee of an express trust.

*Hoagland* v. *Van Ellen,* 22 Neb. 681, 35 N. W. 869, lays down the doctrine that the real party in interest is the person entitled to the avails of the suit, and holds such an assignment as this to be void. To the same effect is *National Bank* v. *Hollister,* 21 Minn. 385; *National Bank* v. *Clark,* 23 Minn. 263; *Iselin* v. *Rowlands,* 30 Hun, 488; *Bell* v. *Tilden,* 16 Hun, 346; *Abrams* v. *Cureton,* 74 N. C. 523.

Heney & Ford, for Appellees.

The following cases hold that an assignee of a chose in action for the purposes of collection and suit is the real party in interest within the purview of statutes similar to our own. Further discussion seems unnecessary. *Allen* v. *Brown,* 44 N. Y. 228; *Meeker* v. *Flaghorn,* 44 N. Y. 349; *Wetmore* v. *San Francisco,* 44 Cal. 294; *Durgin* v. *Ireland,* 14 N. Y. 322; *Castner* v. *Sumner,* 2 Minn. 444; *Williams* v. *Norton,* 3 Kan. 395, 89 Am. Dec. 594; *Cuttle* v. *Cole,* 20 Iowa, 481; *Curtis* v. *Mohr,* 18 Wis. 615; *Hilton* v. *Waring,* 7 Wis. 492; *Wilson* v. *Clark,* 11 Ind. 385; *Gradwohl* v. *Harris,* 29 Cal. 150; *Cummings* v. *Morris,* 25 N. Y. 625.

ROUSE, J.—This is an action on an account. Plaintiffs had sold and delivered merchandise to defendants, and on that account claimed a balance of $1,399.05. They also claim $1,058.80, balance due on an account due one Charles Noble, and $1,240.78, balance due on an account due J. Leberman & Co. The last two claims mentioned had been assigned to plaintiffs. Defendants, in their answer, deny plaintiffs' right to maintain an action on the two assigned accounts, for the reason that said accounts had been transferred to plaintiffs for collection; that as to said accounts plaintiffs are not the real parties in interest, and cannot maintain the action on said accounts. The right of a party to maintain an action on an account which has been assigned to him for the purpose of collection only is the question presented by the record in this case. The Revised Statutes of Arizona of 1887 contain the following:—

"Par. 680. Every action shall be prosecuted in the name of the real party in interest, except as otherwise prescribed.

"Par. 681. In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off, or other defense existing at the time of, or before notice of the assignment. . . ."

The statute is plain that every action shall be prosecuted in the name of the real party in interest, and we think that it is equally clear that by the provisions of paragraph 681, *supra,* in the case of an assignment of a thing in action (an account), the assignee is the real party in interest. Appellants contend that in this case, as the assignments, though complete in form, were made only for the purpose of authorizing the appellees to sue thereon, by establishing that fact, the right of action, as to said assigned accounts, could not be maintained. It appears to us that there do not remain any grounds for that contention, since the amendment to paragraph 680, enacted in 1893, and found on page 26 of the Session Laws of the seventeenth legislative assembly. Said amendment is as follows: "Every action shall be prosecuted in the name of the real party in interest, provided, an executor or administrator, or a trustee of an express trust, or a person expressly authorized by the statute, may sue without joining with him the person for whose benefit the action is brought. A person with whom or in whose name a contract for the benefit of another is made, and the assignee of any chose in action is a trustee of an express trust, within the meaning of this section." Though it was in fact understood by the parties that the beneficial interests to pass by the assignment were limited, still the plaintiffs, as holders of the legal title of said accounts, could sue for and recover the whole amount thereof. *Gradwohl* v. *Harris,* 29 Cal. 150; *Allen* v. *Brown,* 44 N. Y. 228; *Meeker* v. *Claghorn,* 44 N. Y. 349; *Sheridan* v. *Mayor etc. of New York,* 68 N. Y. 30; *Eaton* v. *Alger,* 47 N. Y. 345; *Young* v. *Hudson,* 99 Mo. 102, 12 S. W. 632.

The judgment of the district court is affirmed.

Baker, C. J., concurs.

HAWKINS, J., dissenting.—I agree with my associates in the reasoning of the foregoing opinion, but do not think the evidence sufficiently proves the agency of De Long to bind Sroufe & Co., and therefore think the case should be reversed, and a new trial granted.