[Civil No. 666.  Filed November 1, 1899.]

[59 Pac. 111.]

MARY R. HAFF, Plaintiff and Appellant, v. J. C. ADAMS, Defendant and Appellee.

1. PRACTICE—JURY—PEREMPTORY INSTRUCTION—SIMILARITY TO DEMURRER TO EVIDENCE—ROBERTS v. SMITH, 5 ARIZ. 368, 52 PAC. 1120, FOLLOWED.—When it appears to the trial court that· upon the case made by plaintiff's evidence, all taken as true, the defendant

is not liable, the proper practice under the Arizona statute is for the court, upon motion, to instruct the jury to return a verdict for defendant. The motion for a peremptory instruction is substantially the same as the common-law demurrer to the evidence. *Robberts* v. *Smith, supra,* followed.

2. INNKEEPERS—GUESTS—BOARDERS—LIABILITY DIFFERENT TO EACH.— The strict liability of innkeepers exists only in favor of guests, and not in favor of boarders. As to guests, the liability of an innkeeper approximates that of an insurer; but for the goods of those who reside at the inn as boarders, rather than as guests, the innkeeper is liable only as any ordinary bailee for hire, and as such is only bound to use ordinary diligence.

3. SAME—EVIDENCE REVIEWED AND PLAINTIFF HELD A BOARDER—NEGLIGENCE—FAILURE TO PROVE.—In an action against a hotel proprietor for loss of jewelry from her rooms plaintiff testified that she had sold out her business in Kentucky, and had rented her home there, and had come to Phœnix to start her adopted son in business, and that she had made a bargain before she moved that she would pay one hundred and thirty-five dollars per month for certain rooms, board, and service, and that she selected the rooms and the furniture for the same, and that she had lived at the hotel six months, and had no other home. There was no evidence of any negligence on the part of defendant. *Held,* that plaintiff was a boarder, and was not entitled to recover in the absence of proof of negligence on the part of the defendant.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

''The case should not be withdrawn from the jury unless the conclusion follows as a matter of law from the evidence, that no recovery can be had on any view which could properly be taken of the facts the evidence tends to establish.'' *Texas Railway Co.* v. *Cox,* 145 U. S. 593, 12 Sup. Ct. 905; *Dunlap* v. *Northwestern R. R. Co.,* 130 U. S. 649, 9 Sup. Ct. 647; *Kane* v. *Central R. R. Co.,* 128 U. S. 91, 9 Sup. Ct. 16; *Jones* v. *East Tenn. R. R.,* 128 U. S. 443, 9 Sup. Ct. 118; *Lewis* v. *Prien,* 98 Wis. 87, 73 N. W. 654; *Reid* v. *Kellog,* 8 S. D. 596, 67 N. W. 687; *Barbour* v. *Moore,* 25 Wash. L. R. 55; *Boyd* v. *Cross* (Tex. Civ. App.), 33 S. W. 1039; *Van Etten* v. *Edwards,* 48 Neb. 25, 66 N. W. 1013; *Phœnix Assoc. Co.* v.

*Lucker,* 77 Fed. 243; *Chicago etc. R. R. Co.* v. *Anderson,* 166 Ill. 572, 46 N. E. 1125; *Frame* v. *Electric Trac. Co.,* 180 Pa. St. 49, 36 Atl. 404; *Fraser* v. *Schroder,* 163 Ill. 459, 45 N. E. 288; *Cons. Coal Co.* v. *Schneider,* 163 Ill. 393, 45 N. E. 126; *Rogers* v. *Meinhardt,* 37 Fla. 480, 19 South, 878; *Florida etc. Co.* v. *Williams,* 37 Fla. 406, 20 South, 558; *Woelfel* v. *Federal St. etc. R. R. Co.,* 183 Pa. St. 213, 38 Atl. 592; *People* v. *People's Ins. Co.,* 126 Ill. 466, 18 N. E. 774; 2 L. R. A. 340.

In the case of *Fay* v. *Pacific Imp. Co.,* 93 Cal. 253, 27 Am. St. Rep. 198, 26 Pac. 1099, the court says: ''The Del Monte being a public hotel, in the absence of evidence showing that plaintiff went there as a boarder, the presumption would be that she went there as a guest. Not only does the evidence fail to overthrow this presumption, but the testimony of the plaintiff shows that she was there as a mere temporary sojourner, without any agreement as to the time she should stay,'' etc. If then, as in the case last cited, the fact that the hotel was a public hotel raises the presumption that persons stopping at such hotel are guests, how is that presumption overcome in the case at bar? No evidence was offered by the defendant to overcome that presumption, and with that presumption remaining unrebutted in favor of the plaintiff, it alone is sufficient to support a verdict for plaintiff. *Magoffin* v. *Missouri Pacific R. R.,* 102 Mo. 540, 20 Am. St. Rep. 798, 15 S. W. 76. And in such case, under all the authorities above cited, it is error to direct a verdict for defendant.

It is contended by plaintiff that she was a guest at the hotel and not a boarder. ''The distinction between a guest and a boarder is, that the former comes without any bargain as to the length of time he is to stay, and therefore may go when he pleases. A guest may remain a long time at an inn without becoming a boarder. He may contract to pay by the week or month without losing his character as a guest and assuming that of a boarder.'' Jones on Liens, 511; Storey on Bailments, 477; Redfield on Bailments, 577, 588; *Chamberlain* v. *Masterson,* 26 Ala. 371; *Jolie* v. *Cardinal,* 35 Wis. 118; *Pinkerton* v. *Woodward,* 33 Cal. 557, 91 Am. Dec. 657; *Ross* v. *Mellin,* 36 Minn. 421, 32 N. W. 172; *Hancock* v. *Rand,* 91 N. Y. 1; *Hall* v. *Pike,* 100 Mass. 495; *Strecroft* v. *Bailey,* 25 Iowa, 553; *Pollock* v. *Landis,* 36 Iowa, 651.

In order to constitute a person a guest it is not necessary

he should be an actual traveler. It is sufficient if he is a transient person and a temporary sojourner in the place, and is received and entertained at the inn or hotel as such. *Walling* v. *Potter*, 35 Conn. 183; *Hancock* v. *Rand*, 91 N. Y. 1; *Hall* v. *Pike*, 100 Mass. 497.

The ultimate fact as to whether plaintiff was a guest or a boarder is always a question of fact for the jury. *Hall* v. *Pike*, 100 Mass. 495; *Fay* v. *Pacific Imp. Co.*, 93 Cal. 253, 27 Am. St. Rep. 198, 26 Pac. 1099; *Magee* v. *Pacific Imp. Co.*, 98 Cal. 678, 35 Am. St. Rep. 199, 33 Pac. 772; *Jolie* v. *Cardinal*, 35 Wis. 118; *Ross* v. *Mellin*, 36 Minn. 421, 32 N. W. 172; *Lusk* v. *Belote*, 22 Minn. 468; *Forsyth* v. *Hooper*, 11 Allen, 419.

C. F. Ainsworth, for Appellee.

The distinction made by the authorities between a boarder and a guest seems to be that if a person comes upon a special contract to board and sojourn at the inn he is not in the sense of the law a guest, but a boarder; but if he is a transient and wayfaring man, and stops at an inn and registers, he at once becomes a guest, and after becoming a guest should he make an agreement to pay by the week or the month it does not change his *status* as a guest so long as he retains his character as a traveler. Where a person, before going to a hotel or inn makes a special agreement for board by the month, and the time is indefinite but simply to be determined by his own volition, then and in every such case the person in the first instance becomes a boarder and retains his *status* as a boarder as long as he remains at the hotel or inn under such a contract. In the case at bar, the appellant never had any *status* as a guest, for the reason that in the first instance her acts in law constituted her a boarder. When she made a special contract before coming to the hotel, even before the hotel was a hotel, to take rooms at a special price, and, as we contend the evidence fairly shows, for at least a year, that fact alone constitutes her a boarder. *Moore* v. *Longbeach Dev. Co.*, 87 Cal. 483, 22 Am. St. Rep. 265, 26 Pac. 92; *Lawrence* v. *Howard*, 1 Utah, 142; *Manning* v. *Wells*, 9 Humph. 746, 51 Am. Dec. 688; *Kisten* v. *Hildebrand*, 9 B. Mon. 72, 48 Am. Dec. 416; *Johnson* v. *Reynolds*, 3 Kan. 251, 87 Am. Dec. 471; *Carter* v. *Hobbs*, 12 Mich. 52, 83 Am. Dec. 762; *Lusk* v. *Beloit*,

22 Minn. 468; *Horner* v. *Harvey*, 3 N. Mex. 197, 5 Pac. 329; *Handcock* v. *Rand*, 94 N. Y. 1, 46 Am. Rep. 112, and note; *Taylor* v. *Downey*, 104 Mich. 532, 53 Am. St. Rep. 472, 62 N. W. 716.

DOAN, J.—This action was brought by the appellant, Mary R. Haff, in the district court, against the appellee, J. C. Adams, to recover the sum of $6,452 and interest thereon on account of certain jewelry and diamonds alleged to have been lost by the appellant while stopping at his hotel as a guest for hire, and while she was temporarily absent from her sleeping-room. The case was tried to a jury, and at the close of the evidence for the plaintiff the court, on motion of counsel for defendant, instructed the jury the bring in a verdict for the defendant; to which ruling the counsel for plaintiff excepted. On a verdict for the defendant, the court entered judgment in accordance therewith. From the judgment and the order denying a motion for a new trial, plaintiff appeals.

The evidence in the case furnished by the testimony of the plaintiff and her witnesses was to the effect that plaintiff and her adopted son came from Frankfort, Kentucky, to Phœnix, in the latter part of 1896; that defendant in that year erected and furnished the Hotel Adams in Phœnix; that the adopted son of the plaintiff had, in July, 1896, written the defendant, Adams, on behalf of himself and plaintiff, for rooms and permanent board in the Hotel Adams when finished, and suggested that plaintiff would prefer shipping her own furniture to furnish her rooms, and asked for terms accordingly. On plaintiff's arrival in Phœnix before the completion of the Hotel Adams, she visited the hotel, in company with the defendant, and selected the rooms she desired to occupy; selected the furniture with which, in addition to her own furniture, she desired to have them furnished, and before she took the rooms made a bargain that she should pay one hundred and thirty-five dollars per month, to be paid monthly, and to include board, service, and provisions; that she and her adopted son afterwards entered the hotel and occupied the rooms in question (at the contract price of one hundred and thirty-five dollars per month) from December 5th—the date of the opening of the hotel—until about the 30th of July the following year; that on the 1st of February, during her

temporary absence from her room, her diamonds and jewelry, to the value of $6,452, were lost or stolen from the dresser in her room. Mr. Berryman, the adopted son, testified in behalf of the plaintiff that they had come from Kentucky in the fall of 1896, and that he had made his home in Phœnix, and had gone into business there, and that his home when in Phœnix was at the Hotel Adams, in the rooms mentioned, which he occupied jointly with the plaintiff, his foster mother; that from the fifth day of December, 1896, until they left the Hotel Adams, on the 30th of July, 1897, he was a boarder there; that neither he nor Mrs. Haff had any other home in Phœnix at that time. J. F. Pearce, the hotel clerk, a witness for the plaintiff, testified that the Hotel Adams accommodated transient guests and permanent boarders, and he stated that the plaintiff and her adopted son were among the latter class. The plaintiff herself testified that she had sold out her business in Kentucky, and entered into a partnership with and for her adopted son in Phœnix for two years; that she had a home in Frankfort, Kentucky, which she rented out by the month while she was absent in Arizona, and to which she expected to return at some future time; that she had come to Phœnix with her adopted son; had shipped her piano, harness, carriages, horse, and furniture: had started her adopted son in business, and was making her home with him while here. The plaintiff testified that the hotel was a first-class hotel, and that the service was proper and efficient; that the servants and employees were competent. At the conclusion of the plaintiff's evidence, on motion of defendant, the court instructed the jury that upon the evidence, if taken as true, the defendant was not responsible for the loss of the jewelry, and instructed the jury to return a verdict for the defendant, which instruction is assigned as error by the plaintiff and appellant.

The motion for a peremptory instruction to the jury to return a verdict for the defendant is substantially the same as the common-law demurrer to the evidence. It admits the truth of every ultimate fact which the evidence tends to prove. "The proper practice in such case under the Arizona statutes is by an instruction to the jury. When it appears to the trial court that upon the case made by plaintiff's evidence, all taken as true, the defendant is not liable; that, tak-

ing the evidence in its strongest light against the defendant, the plaintiff has presented no case in which he is entitled to recover,—the court may instruct the jury to return a verdict for the defendant." *Roberts* v. *Smith*, 5 Ariz. 368, 52 Pac. 1120. "When the evidence given at the trial, with all the inferences which the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." *Jones* v. *Railroad Co.*, 128 U. S. 443, 9 Sup. Ct. 118, 32 L. Ed. 478. The principle is elementary that in all ordinary classes of bailments losses occurring without negligence on the part of the bailee fall upon the bailor. The bailee's liability turns upon the presence or absence of negligence. Generally speaking, there can be no recovery against a bailee for loss of or damage to property in the absence of negligence. In some exceptional bailments—as in the case of carriers and innkeepers—there is an exceptional liability approximating that of an insurer. Hale on Bailments, 24. "As the law in regard to the liability of an innkeeper is one of extreme rigor, he should not be held to any responsibility beyond that arising from the relationship of innkeeper and guest. *Fisher* v. *Kelsey*, 121 U. S. 383, 7 Sup. Ct. 929, 30 L. Ed. 930. The determination of the question as to who are guests and who are boarders decides the nature of the liability imposed on innkeepers in given cases. The strict liability of innkeepers exists only in favor of guests, and not in favor of boarders. As to guests, the liability of an innkeeper approximates that of an insurer; but for the goods of those who reside at the inn as boarders, rather than as guests, the innkeeper is liable only as an ordinary bailee for hire, and as such is only bound to use ordinary diligence. An establishment may have a double character, being both a boardinghouse and an inn. In respect to transient persons, who, without any stipulated contract, remain from day to day, it would be an inn; while as to those residing there under special contracts, it would be a boarding-house. Hale on Bailments, 262, and cases cited. "In this country, hotelkeepers act in a double capacity, being both innkeepers and boarding-house keepers. As innkeepers they entertain travelers and transient persons,—those who come without bargain

as to time and price, and go away at pleasure, paying only
for actual entertainment received. As boarding-house keep-
ers, they entertain residents and regular boarders for definite
lengths of time, and at special prices, previously agreed
upon." *Lawrence* v. *Howard*, 1 Utah, 142. In the case at
bar, J. F. Pearce, one of the plaintiff's witnesses, testified
directly that she was a regular boarder by the month. Her
own testimony to the facts that she had sold out her business
in Kentucky, and had rented her home there, and had come
to Phœnix to start her adopted son in business, and that she
had made a bargain, before she took the rooms, that she would
pay one hundred and thirty-five dollars per month for the
rooms, board, service, and provisions, and that she selected
the rooms, and the furniture for the same, clearly supports
that testimony, which is further strengthened by the testi-
mony of her adopted son that from the fifth day of December
until they left, in July, he was a boarder at the Hotel Adams,
and that neither he nor she had any other home in Phœnix at
that time. This testimony, being practically all the evidence
on this point, establishes the fact beyond question that she
was a boarder, and not a guest, in the eye of the law. To
recover as a boarder, she must do so on the ground of negli-
gence or want of diligence on the part of defendant. The
only evidence on that point is that of plaintiff herself, and
directly negatives that proposition. She says: "The hotel is
first-class in every respect. The rooms were taken care of
in good shape. The employees were as competent as any hotel
employees."

It is urged by appellant that whether plaintiff was a guest
or a boarder is an ultimate fact, to be deduced from the pro-
bative facts as given in the testimony, and that as to whether,
in fact, the plaintiff was a guest or a boarder is always a
question of fact for the jury. *Woollen Co.* v. *Proctor*, 7
Cush. 417, and *Magee* v. *Improvement Co.*, 98 Cal. 678, 35
Am. St. Rep. 199, 33 Pac. 772. All the cases cited in support
of this proposition are those in which the relations of innkeep-
er and guest had been originally assumed by the parties, and
the defendant had introduced evidence to show that these re-
lations had ceased, and the plaintiff had lost his *status* as a
guest, and had become a boarder. The question then pre-
sented—whether a person once received as a guest at a hotel

loses his *status* as a guest and becomes a boarder by after-
wards making or receiving special rates, or by changing mode
of payment, or by a rule of the house relative thereto—would
depend upon the different facts and circumstances, and their
relative weight, effect, and bearing upon this question, and
has been held to be an issue of fact, to be determined upon
all the evidence in the case. In such cases the court or jury
must determine from the different and conflicting probative
facts presented, each tending to prove or disprove the ulti-
mate fact in controversy, whether or not the ultimate fact
was established. Such determination would be a determina-
tion of the weight and sufficiency of all the evidence to estab-
lish the ultimate controverted fact. In the case at bar the
appellant never had any *status* as a guest, for, in the first
instance, when she made a special contract before coming to
the hotel, and afterwards came under that special contract
to board and sojourn at the hotel, her acts, in law, consti-
tuted her a boarder (*Kisten* v. *Hildebrand*, 9 B. Mon. 72,
48 Am. Dec. 416; *Johnson Co.* v. *Reynolds*, 3 Kan. 251, 87
Am. Dec. 471; *Moore* v. *Development Co.*, 87 Cal. 483, 22 Am.
St. Rep. 265, 26 Pac. 92), and the liability of the defendant
was only that of an ordinary bailee, from whom she could
only recover for the property lost on the ground of his negli-
gence or want of diligence. There being no evidence what-
ever offered to establish negligence, the determination by the
court that, upon the evidence offered, taken as true, the de-
fendant was not responsible for the loss of the jewelry, was
simply the determination "that, as a matter of law, no recov-
ery could be had upon any view which could be properly taken
of the facts the evidence tended to establish." *Railroad Co.*
v. *Cox*, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. This
being unquestionably the prerogative of the court, the in-
struction was properly given. The judgment of the district
court is therefore affirmed.

Sloan, J., and Davis, J., concur.