[Civil No. 2630.  Filed December 17, 1928.]

[272 Pac. 918.]

M. F. GARRETT and WINIFRED E. STEVENS, Formerly WINIFRED E. GARRETT, Appellants, v. REID–CASHION LAND & CATTLE COMPANY, a Corporation, GARRETT SHEEP COMPANY, a Corporation, F. A. REID, J. A. CASHION, and J. W. SULLIVAN, Appellees, and REID–CASHION LAND & CATTLE COMPANY, a Corporation, Cross-Appellant, v. RICHARD GARRETT, a Minor, by OTTO STEVENS, Guardian Ad Litem, Cross-Appellee.

(For original opinion, see *ante,* p. 245, 270 Pac. 1044.)

Messrs. Cornick & Crable, for Appellants and Cross-appellee.

484

Messrs. Baker & Whitney (Messrs. Kibbey, Bennett, Gust, Smith & Lyman, of Counsel on Motion for Rehearing), for Appellees and Cross-appellant.

ROSS, C. J.—The appellee has moved for a rehearing. The only point made by motion that we believe merits attention is as to whether the judgment we directed is proper.

On the main questions of law and our disposition of them we are satisfied. We can see no profit in re-arguing or restating them.

After citing the order of remand, as found in our opinion, the motion for rehearing proceeds:

" . . . It is evident that there must be a modification of the order of the court quoted above, inasmuch as one of the main questions in this case, i. e., whether or not the adult plaintiffs were mistaken as to their legal rights at the time they ratified the consolidation, has never been passed upon by the lower court, and such a fact has never been found.

"In so far as the adult plaintiffs were concerned, judgment for the defendants was rendered at the close of the adult plaintiffs' case, and the appeal by the plaintiffs was taken from said judgment so rendered at the close of their own case. No opportunity was ever given to the defendants to deny or dispute plaintiffs' testimony. We seriously contend that an appellate court has no power to find, as a matter of law, that any person was mistaken, when the opposing party has not been given any opportunity to introduce evidence or to dispute such a fact. In other words, to make such an order as above quoted would be depriving defendants of their day in court. In any event, the only order that this appellate court can make is an order reversing the judgment, and remanding for a new trial.

"We respectfully insist that if this order of the court stands without modification defendants (appellees) will be deprived of their property without due process of law and will be denied the equal protection

of the law under the Fourteenth Amendment to the Constitution of the United States."

If what we directed is as lawless and irregular, as the motion intimates, the order should not be allowed to stand. Our investigation of the law, however, convinces us that the judgment ordered is in conformity with the law and violates none of the legal or fundamental rights of the appellee. We think the appellee not only had its day in court, but had every opportunity to introduce its evidence upon every issue involved, and that if it did not introduce its evidence it was its fault and not that of the court or anyone else.

It appears from the court's minutes, and also from the stenographic report of the trial, that at the close of the plaintiffs' case the following took place: Appellee moved the court to dismiss the jury and to enter judgment for the defendants, and based the motion upon four grounds, two of which are: (a) That the evidence is not sufficient to sustain the cause of action; and (b) that the adult plaintiffs have ratified and acquiesced in what was done and have been guilty of laches. The court granted the motion as to the adult plaintiffs by dismissing the jury from the further consideration of the case and by entering judgment against them, and denied the motion as to the minor, Richard Garrett, holding that the latter was entitled to recover from the appellee the value of his stock at the time of its conversion, to wit, December 17, 1922, and retained the jury for the sole purpose of determining the value of such stock. Later, by mutual consent, the jury was dismissed from this duty, and the court heard the evidence as to the value of Richard's stock, and entered judgment thereon in his favor. Neither the adult plaintiffs nor the minor plaintiff made any objection to the court's considering the motion as presented by the appellee, but ap-

parently recognized it as proper and legal, and by their conduct, if not by direct word, joined in the motion. The court treated the motion "just like a demurrer to the evidence."

Under the common law there were three ways by which the opposing party might test the sufficiency of the evidence to support a case in the course of a trial, and these three are employed variously by the different courts of the Union. They are: (1) A motion for nonsuit; (2) a motion for directed verdict; and (3) a demurrer to the evidence. *Hopkins* v. *Nashville etc. Ry. Co.,* 96 Tenn. 409, 32 L. R. A. 354, 34 S. W. 1029. The practice in this jurisdiction has uniformly been to ask for a directed or instructed verdict. *Roberts* v. *Smith,* 5 Ariz. 368, 52 Pac. 1120; *Haff* v. *Adams,* 6 Ariz. 395, 59 Pac. 111; *Haupt* v. *Maricopa County,* 8 Ariz. 102, 68 Pac. 525; *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731; *Arizona Binghampton Copper Co.* v. *Dickson,* 22 Ariz. 163, 44 A. L. R. 881, 195 Pac. 538.

Of course, where a directed verdict is adopted as the rule the jury is retained as a part of the machinery of the court. What was done in this case is such a wide departure from the general practice in this jurisdiction that we must conclude that learned counsel, than whom none is more familiar with the rule, intended the jury should have nothing whatever to do with the adult plaintiffs' case nor the minor's case. The purpose of the motion was to get rid of the jury and leave the whole matter to the court, upon the theory that, taking the evidence in its strongest light against the defendants, the plaintiffs had presented no case entitling them to recover.

The motion, while lacking in form and substance the common-law demurrer to evidence (*Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 57 L. Ed. 879, 33 Sup. Ct. Rep. 523; *Hopkins* v. *Nashville etc. Ry. Co.,*

*supra*), had for its object and accomplishment the same purpose as the common-law demurrer to evidence. The movant thereof accomplished everything that might have been accomplished by a demurrer. When this demurrer or motion was interposed it admitted the truth of all the facts necessary to make out the case of the plaintiffs, and withdrew the case from the jury and submitted the application of the law upon the facts to the court.

In 26 R. C. L. 1064, section 72, the law is stated as follows:

"Where the testimony is adjudged insufficient in law to maintain the action, a final judgment must be pronounced thereupon in favor of the defendant; and the like judgment must be given for the plaintiff, if the demurrer be overruled, in all cases where the subject-matter of the controversy is such as not to require the intervention of a jury, for the purpose of ascertaining or assessing unliquidated damages. Generally where the damages are to be assessed, the jury is not discharged, but find a verdict subject to the decision of the court on the demurrer."

In *Slocum* v. *New York Life Ins. Co.*, *supra*, it is said:

"At common law, if on a demurrer to the evidence judgment was given for one party when it should have been for the other, the error was corrected in the appellate tribunal by directing the proper judgment. . . . "

This, we think, is the settled rule upon a demurrer to the evidence. Under the law, if the demurrer to the evidence is overruled and liquidated damages are claimed, judgment may be entered therefor without the aid of a jury; but if the damages are unliquidated, then the parties are entitled to a jury to determine the damages, or they may stipulate, as they did in the Richard Garrett side of the case, and let the court find the damages.

The practice of demurring to the evidence was recognized at common law and is adopted and made by statute the rule of decision of our courts, unless unfitted to our needs or contrary to the federal or state Constitutions or our laws. Par. 5555, Civ. Code 1913. We find nothing in the laws forbidding it. While the demurrer in this case was informal and defective in substance, it was accepted and acted upon favorably to the appellee, and it, at least, has no right to complain.

We do not see wherein the contention ''of no day in court,'' or deprivation of property without due process, or violation of the Fourteenth Amendment to the Federal Constitution, is in any way involved as claimed by appellee.

The adult plaintiffs have asked us to modify the order on remand to one directing a judgment for them for the value of their stock, fixed at the same value as that found by the court in the case of the minor, Richard Garrett. We do not believe that we have the power to do it. We think that issue must be tried out between the appellee and the adult plaintiffs (appellants), the same as in the minor's case. Nor do we think the value established in the latter's case can be made the basis of a judgment as requested.

Both motions are denied.

LOCKWOOD and McALISTER, JJ., concur.