[Civil No. 3133.   Filed May 16, 1932.]

[11 Pac. (2d) 610.]

# O. W. LITTLE, Appellant, v. EUGENE J. BROWN, Appellee.

Mr. Louis L. Wallace and Mr. David P. Hatch, for Appellant.

Mr. Phil Jacobson and Mr. Carl G. Krook, for Appellee.

ROSS, J.—This is the second time this case has come to this court. On the previous appeal the question involved was the power of the court, after the plaintiff had introduced his evidence, to direct an involuntary nonsuit, and we held that no such power existed. We also held that plaintiff had made out a *prima facie* case and for that reason it was error to dismiss him. We refused, although urged by appellant to do so, to enter judgment or to remand with directions to the trial court to enter judgment for plaintiff on his *prima facie* case. In the order remanding the case we said:

" . . . The court's error was made at the instance of defendant, but we think the ends of justice demand that he be permitted to submit evidence in support of his defenses. The cause is remanded, therefore, with directions that a new trial be granted, on condition that defendant first pay the costs of this appeal; otherwise that the judgment be entered for plaintiff."

Upon the case being returned to the trial court, defendant Brown performed the condition upon which a new trial was granted by paying the costs of appeal, amounting to the sum of $579.45, and thereafter filed a supplemental answer alleging that W. E. Little was the real and actual party plaintiff in interest and

that on or about February 15, 1930, he and defendant Brown settled and compromised the litigation by defendant Brown paying him $300. That thereafter the following instrument was filed in the superior court of Mohave county, the county in which the action of O. W. Little versus Eugene J. Brown was pending, to wit:

"To the Clerk of said Court:
"You will enter a dismissal of the above entitled action with prejudice.
"Los Angeles, Calif., March 5, 1930.
"[Signed] O. W. LITTLE, Plaintiff."

Otherwise the pleadings as they stood in the former trial, the substance of which is stated in our former opinion, found in 36 Ariz. 194, 283 Pac. 924, remain the same.

The trial court, without objection, proceeded to try the question raised by the supplemental answer, that is, as to whether the settlement and compromise therein pleaded was in fact effectual and binding upon the plaintiff O. W. Little, it having been effected by and through his assignor, W. E. Little, after assignment and after suit brought. Upon this issue the court found that W. E. Little was the real party in interest and that plaintiff knew he was negotiating a settlement and made no effort to prevent it, and he was therefore authorized to enter into a settlement, and ordered judgment in favor of the defendant.

The plaintiff, O. W. Little, has appealed and assigned so many reasons therefor that we will not undertake the labor of separately stating them, but will consider them in the several propositions hereinafter stated.

It is first claimed the judgment on the former appeal was one for a new trial of certain issues and that defendant had no right to amend his answer or to supplement it with a plea of settlement and compromise as was done, and that the court was without

jurisdiction to hear or determine such issue. It is also contended that in entertaining the defendant's plea of compromise the court disregarded the law of the case as announced in the opinion on the former appeal.

Answering these contentions we will say we know of no rule of law that forbids parties to litigation compromising such litigation at any stage, even after judgment in favor of one of them. If such compromise is free from fraud and by competent parties it would be the duty of the court to recognize it and refuse to proceed with the trial of the controversy, even though the Supreme Court has directed it. This is so because the compromise and settlement makes the question involved a moot one.

However, we do not agree with plaintiff as to the effect of our former judgment. The order was for a new trial generally and not of any particular issue or isues. This, we understand, sent the case back to be tried *de novo* and as though it had never been tried before, with this limitation: That the trial must proceed in accordance with the principles of law as laid down in the first case. If the issues and facts are the same, the rules announced in our former opinion would control; but if the issues and facts are different, such opinion would not control. The rule is stated in *Standard Accident Ins. Co.* v. *Allen,* 38 Ariz. 173, 298 Pac. 406, as follows:

"The right to amend under the remand may be left open, or it may be foreclosed. If left open and new pleadings and new evidence are offered, necessarily what was decided upon different issues and facts would not be 'the law of the case' in a retrial."

Another reason why these two assignments are not good is that the issue of compromise was actually tried without any objection whatever from plaintiff. He filed no motion to strike the supplemental answer, did not demur to it, or in any way question the defend-

ant's right to plead settlement when and as he did. It seemed to be agreed among counsel and the court that if the plea was established by competent evidence it would dispose of the case. Accordingly, without objection, the trial was confined to that issue. If the questions now raised were ever available to the plaintiff, we think he waived them by his conduct in proceeding to trial without objection.

The next assignments involve the right of an assignor of a chose in action, assigned for the purposes of collection, to ignore such assignment and the assignee and settle or compromise the debt with the debtor, and its effect upon the suit then pending by the assignee for its collection. Without reciting the evidence bearing on the assignments, it is to the following effect: W. E. Little, a resident of Los Angeles, had a claim for $20,000 against defendant Brown for 20,000 shares of stock in the Kaaba Mining & Milling Corporation, an Arizona corporation doing business in Mohave county. He assigned in writing his claim and demand for such $20,000 to his son O. W. Little for the purposes of collection only. The residence or business of O. W. Little in Arizona made it convenient for him to prosecute the claim.

It is insisted by plaintiff that he was, under the assignment, the legal owner and holder of the claim or demand; that only he had the right to compromise and settle it with the debtor, and that the settlement with the debtor by the assignor, even though the latter was the sole beneficiary, was ineffectual and void. He cites many authorities to the effect that the debtor cannot defeat the action by an assignee by showing that the assignment was for the purposes of collection only, among them the case of *Sroufe* v. *Soto Brothers & Co.*, 5 Ariz. 10, 43 Pac. 221. In that case the court, after stating, ''The right of a party to maintain an action on an account which has been assigned to him for the purpose of collection, only, is

the question presented by the record in this case,''
proceeded to hold that the assignee was the real party
in interest and that, ''Though it was in fact under-
stood by the parties that the beneficial interests to
pass by the assignments were limited, still the plain-
tiffs, as holders of the legal title of said accounts,
could sue for and recover the whole amount thereof.''
This rule has been adhered to, although the statute as
to parties, has been somewhat changed since the deci-
sion in the Sroufe case. *Mosher* v. *Bellas,* 33 Ariz.
147, 264 Pac. 468; *Leon* v. *Citizens' Building etc.
Assn.,* 14 Ariz. 294, Ann. Cas. 1914D 1151, 127 Pac.
721.

The assignee takes the demand or claim subject to
any set-off or other defenses existing in favor of the
debtor against the assignor at the time of the notice
of the assignment, but set-offs or defenses acquired by
the debtor after notice cannot be used to defeat his
right of action. Section 3728, Rev. Code 1928. The
purpose of this section evidently is to protect the as-
signee against the acts of the assignor. Before notice
is given the debtor may in good faith pay the debt to
the creditor and thereby discharge his liability; after
such notice he pays it at his hazard.

''In courts of law as well as in those of equity, after
notice to the debtor of an assignment the interest of
a *bona fide* assignee of a chose in action will be pro-
tected against any unauthorized act on the part of the
assignor tending to interfere with the rights of the
assignee. This protection extends to the nullifying of
covinous agreements of the assignor and the debtor
to defeat the rights of the assignee. Thus, a nominal
plaintiff, suing for the use of his assignee, cannot dis-
miss the action, nor can a debtor make a good pay-
ment to the assignor, nor take from him a valid re-
lease, after notice of the assignment has been duly
given to the debtor.'' 2 Ruling Case Law 632, § 42.
See, also, *Kithcart* v. *Kithcart,* 145 Iowa 549, 30
L. R. A. (N. S.) 1062, 124 N. W. 305.

While an assignor after the assignment and notice to the debtor may not settle with the latter against the will and without the consent of the assignee, there can exist no valid objection to such settlement in co-operation with the assignee, either expressly or tacitly given.

At the request of plaintiff, the court made written findings of fact, some of which are as follows:

"That the son (O. W. Little) knew that the father (W. E. Little) as the alleged assignor was negotiating with the defendant in an effort to settle the controversy, and said son did not make any direct effort to prevent such settlement," and "by his conduct acquiesced in all that was done and all that was to be done by and between the father and the defendant."

These findings, if supported by the evidence, are conclusive of the case. It is, however, contended by plaintiff that they are not supported by the evidence. It appears that W. E. Little and the defendant, both of whom lived in Los Angeles, wanted to settle the litigation. With that object in view they came together on February 11, 1930, and entered into an agreement, which was reduced to writing and signed by them, whereby defendant agreed to pay W. E. Little the sum of $300 and deliver to him 20,000 shares of stock in the Kaaba Mining & Milling Corporation, and Little agreed to accept the same as full satisfaction and settlement of said demand and lawsuit. This agreement was not carried out because when the plaintiff was informed thereof he wired from Kingman, Arizona, to his attorney in Los Angeles that it was "unsatisfactory." In such telegram he did not question his father's authority to settle, but only the character of the settlement. A few days later the plaintiff went to Los Angeles and stopped at his father's home for several days, and it is admitted that he and his father discussed the question of settlement. Thereafter, on or about March 5th, the nego-

tiations between the father and defendant were resumed and resulted on said day in the payment to the father of $300 and the "dismissal" to the clerk heretofore set out and to which the father signed plaintiff's name. At the same time, and as part of the consideration of compromise, defendant gave W. E. Little an order on the clerk of the court of Mohave county for the 20,000 shares of the stock of the Kaaba Mining & Milling Corporation in question. On the witness-stand O. W. Little denied that he had authorized his father to make the settlement or to sign his name to the compromise agreement or the "dismissal." But he did not state he was not authorized to compromise or settle the suit, or if so our attention has not been directed to his testimony to that effect.

The judge of the trial court saw and heard the witnesses and was in a better position than we are to pass upon the weight and credibility of their testimony. The fact that plaintiff denied in his testimony the assignor had authority to negotiate the compromise was not binding upon the court. If from the relation of the parties and all the other circumstances, including their conduct, the court was convinced that the assignor in effecting the compromise was acting with the assignee's consent, then notwithstanding the assignee's denial the conclusion reached by the court should be sustained. We stated the rule in *Lentz* v. *Landers,* 21 Ariz. 117 (quoting at page 127), 185 Pac. 821: "The mere fact that the witness is interested in the result of the suit is sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact, and that either a court or a jury is at liberty to disbelieve his testimony solely on the ground that he is interested." See, also, *Nichols* v. *McClure,* 23 Ariz. 27, 201 Pac. 95. The court probably concluded that it was not so much a lack of power in the assignor to compromise as his

inability to drive a satisfactory bargain that caused the assignee to reject the settlement.

It is said agency cannot be proved by the statement of a person that he is the agent of another. This is doubtless the law, but agency does not have to be proved by direct testimony. It is susceptible of proof as is any other fact and may be established from the circumstances, such as the relation of the parties to each other and to the subject matter, their acts and conduct. We think where the sole beneficiary, as here, has assumed to act for his trustee, slighter evidence, or at least much less evidence, of agency is necessary than if he were a total stranger to the assignor.

Complaint is made of the admission of statements and declarations of third persons made out of the presence of plaintiff, on the ground that such statements and declarations were irrelevant and hearsay. The case was tried before the court, and we will presume that the court in arriving at its decision considered only competent and relevant testimony.

This is the second time this case has come here, and we think it is in the interests of both parties that it should be ended once and for all. We are not satisfied that any prejudicial error was committed.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.