## UNITED STATES v. BROWN.
### No. 4527.

Circuit Court of Appeals, Fourth Circuit.
Nov. 6, 1939.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for appellant.

Sam J. Royall, of Florence, S. C. (Royall & Wright, of Florence, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal by the government in a war risk insurance case. The policy of insurance was continued in force by payment of premiums until October 1, 1919, and the only question in the case was whether insured had become totally and permanently disabled on or before that date. The trial judge denied a motion by the government for a directed verdict and directed verdict for the plaintiff.

The insured had influenza in 1918 while serving over seas. He was discharged from the army August 27, 1919. When he arrived home his physical condition was bad and within two or three weeks he was stricken with what was diagnosed as an attack of pleurisy. He did not recover but continued to have a hacking cough and night sweats. He was unable to work and spent a large part of his time in bed. He continued to grow worse and in April 1921 was operated on for empyema, or pus in the thoracic cavity. The physician at this time made a positive diagnosis of tuberculosis and shortly thereafter insured was taken to a government hospital, where he continued to grow worse and finally died on June 3, 1923.

A history of insured's illness, showing probable origin in influenza, the development of pleurisy so soon after his discharge from the army and a steady decline in health notwithstanding his refraining from work, is substantial evidence, we think, from which the jury might have inferred that insured had tuberculosis during the life of the policy and that it was of such character or had reached such stage at that time as to constitute total and permanent disability. The government's motion for directed verdict was, therefore, properly denied. We do not think, however, that the evidence showed total and permanent disability during the life of the policy so conclusively as to warrant the direction of a verdict for plaintiff, and the judgment must be reversed and a new trial granted for that reason. Under the New Rules of Civil Procedure, 28 U.S.C.A.

following section 723c, motion of both sides for a directed verdict no longer amounts to a waiver of jury trial. Rule 50(a).

Reversed.