## UNITED STATES v. ONE 1939 CHEVROLET SEDAN, ENGINE NO. 2402802.

### No. 129.

District Court, S. D. Florida,
Miami Division.

Sept. 19, 1940.

Hayford O. Enwall, Asst. U. S. Atty., of Miami, Fla., for libellant.

Louis S. Joel, of Jacksonville, Fla., for respondent.

WALLER, District Judge.

The government, in this case, seeks the forfeiture of a Chevrolet automobile on the ground that said automobile was used in concealing and removing untax-paid moonshine whiskey with the intent to defraud the government out of the tax, contrary to 26 U.S.C.A.Int.Rev.Code § 3321. Motion is made, and heard, to dismiss the forfeiture proceedings.

The witnesses for the government testified that the car in question was driven into the yard of a third party; that the driver and a negro got out of the car, whereupon the driver unlocked the trunk, from whence the negro took two five-gallon glass jugs and placed same in a La-Salle automobile that was parked in the yard. The LaSalle was then, by the man in whose yard the cars were parked, driven into the garage. An investigation of the contents of the LaSalle revealed that it contained eighteen five-gallon glass jugs, as well as some sugar, etc.

It was testified that there was a "small quantity of moonshine whiskey" in each of the eighteen jugs; that eight or ten of these jugs were drained and the total yield of liquor was about one-half pint. No one was able to identify the two jugs transferred from the Chevrolet to the LaSalle. No information is available as to how much of that half pint was in the two jugs in question.

Thus it will be seen that the facts as to the quantity of liquor in the two jugs are as meagre as the said quantity. The law on the subject of how little liquor can wreak a forfeiture is likewise meagre. I cannot, with impunity, supply the deficiency, if any, in the liquor, but the contrary is true as to the paucity of legal learning on the subject.

■ Now the ground for the forfeiture is not merely the concealing of contraband liquor. To so hold would place in jeopardy the property of many a husband who conceals his liquor from a spouse with a destructive bent of mind. True it is that such a concealment might subject such husband to prosecution for the possession of untax-paid liquor, but it would not subject him to the forfeiture of his car wherein it was concealed, unless he had concealed it with the intent to defraud the government of the tax.

We must, therefore, examine into the question of intent in the present case. To do this we must consider all the facts and circumstances. We must draw copiously from the well of human experience, and in the light of common sense we must see what comes up.

■ In eight jugs drained there was one-half pint, or less, of moonshine. But since the contents of neither of the jugs were measured we must assume that each jug had an average of one-eighth of one-half pint, or one-sixteenth of a pint of liquor in it. The Federal tax on the liquor in each jug would be approximately 4 cents. So, giving the government the benefit of every doubt, it stood to lose 8 cents.

Drawing again from common knowledge and from the pragmatic test of trial and error (mostly the latter) we find that there are only six jiggers of liquor in a half pint. Hence, we would find only six-eighths of a jigger per jug.

It is also obvious that this six-eighths jigger was the dregs of the jug, in which common knowledge tells us there doubtless were considerable foreign substances, such as roach legs, ants, bees, charcoal sediment, and the like. So grave doubt exists if there really was more than half a snort of liquor left in each jug.

This brings us now to the question of whether the driver of the car, who was an old head in the moonshine liquor business, and fully aware of the law's penalties, really intended to defraud the government out of that 8-cent tax, and thereby subject himself to penal servitude and his sister's new car to forfeiture, or whether or not he merely intended to take some empty jugs to his neighbor. Perhaps he wanted a refill and would have gotten it had not the officers seized the whole layout and prevented a subsequent fruition in forfeiture.

It is the opinion of the Court, therefore, that the inconsequential amount of contraband liquor found in the jugs is insufficient in law to establish a presumption of an intent to defraud the government of the tax on the part of the driver of the car in question, and that without such an intent so to defraud there can be no forfeiture. The libel is dismissed.

Let an appropriate order be prepared and submitted.