**VANDEVANDER v. UNITED STATES.**

No. 12339.

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1949.

---

12 Cooper v. O'Connor, supra.

Riley Cunningham, of Booneville, Miss., for appellant.

Chester L. Sumners, U. S. Atty., of Oxford, Miss., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

A libel of information for forfeiture under Internal Revenue Code, § 3321, 26 U.S. C.A. § 3321, was filed against a seized automobile. It alleged that the automobile had on March 7, 1947, and on April 28, 1947, been used in the removal, deposit and concealment of whisky on which a tax was imposed but was unpaid, "with intent and for the purpose of defrauding the United States" of the tax.[1] Appellant Vandevander claimed the automobile and denied it was so used with that intent and purpose, and demanded a jury trial. A jury was empanelled and evidence heard, whereupon each party moved for a directed verdict. The judge overruled both motions and submitted to the jury the question of intent, telling the jury that the burden was on the claimant to prove the tax had been paid if he relied on that as a defense. The jury made a mistrial and was discharged. The United States then renewed the motion for a directed verdict and the claimant did the same. The judge expressed the opinion that the finding of tax unpaid liquor in an automobile raises the prima facie presumption that it is being used to defraud the government of the tax, and that the defense that the occupants of the car had it to drink did not rebut that presumption; and held that as a matter of law a verdict and judgment of condemnation* were demanded. Without a verdict he entered such a judgment.

1. Although a libel of information is used to prosecute a seizure for condemnation on land, it is a common law case in which a jury trial is a constitutional right. The Sarah, 8 Wheat. 391, 5 L.Ed. 644; United States v. Winchester, 99 U.S. 372, 25 L.Ed. 479; One Plymouth Automobile v. United States, 5 Cir., 165 F.2d 186, and cases cited.

2. Although both sides moved for a directed verdict, this no longer waives the right to a jury trial. Federal Rules of Civil Procedure, rule 50(a), 28 U.S.C.A. The demand for jury trial stood.

3. There were fact issues for the jury. On March 7 the car was stopped and searched and a "Calvert Whisky bottle" about two-thirds full of liquid found somewhere in it. One Henderson was in the car

---

[1] Sec. 3116 was also referred to, but the only facts alleged were as above stated.

with Vandevander, who was driving. The officer testified he thought the bottle had been refilled and the liquid in it smelled and tasted like corn whisky. Vandevander testified the whisky was not his, and he did not put it in the car or know it was in there. Henderson did not testify.

As to the April 28 transaction, Vandevander and Henderson were driving at excessive speed in the town where they both worked at a cafe, and were arrested by a traffic officer therefor, who testified they tried to outrun him, and that what smelled like whisky was poured out of what looked like a fruit jar and splashed on his windshield, and that as he overtook them another fruit jar was thrown out and broke, and there was the smell of corn whisky, and enough found spilled in the car to burn with a blue flame. Nothing was testified as to the source of the whisky or the presence or absence of revenue stamps on the containers. Vandevander testified that he had driven Henderson to Henderson's home, and Henderson had brought out of the home one quart fruit jar and was carrying it in his lap, and they were going to drink some of it when the officer took after them; that Henderson threw the jar out; Vandevander did not know whether or not the tax had been paid or whence the whisky had come; he was not thinking about taxes, and had no purpose or intent to defraud of the tax, but was only going to take a drink of the whisky.

 We are of opinion that the United States had the burden of showing in some way that the liquor had not paid its tax. The absence of stamps, if proved, might show that. So if the liquor had been removed from an illicit distillery, the inference would be strong. So also if the automobile were loaded with whisky in unusual containers. But we do not know of any presumption of law that the presence of a quart of corn whisky in the hands of a guest in an automobile, with no showing at all about the source or non-taxation of it, and with no intent proved except to drink it, demands a forfeiture of the automobile. On the contrary, the language of the statute, and all the decisions called to our attention, are to the effect that there must be present an intent to defraud of the tax; or at least a knowledge that the tax has not been paid and will not be if the untaxed whisky is removed. Such knowledge and intent of course may be shown by the circumstances, and the claimant's testimony about it may be disbelieved; but the question is one of fact, and not of law. United States v. One Kissel Automobile, D.C., 289 F. 120; United States v. One Marmon Automobile, D.C., 5 F.2d 113; United States v. One Dodge Coupe, D.C., 34 F.2d 942; United States v. One 1939 Chevrolet Sedan, D.C., 35 F.Supp. 142. Compare United States v. One Ford Coupe, 272 U.S. 321, at page 330, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; Busic v. United States, 4 Cir., 149 F.2d 794. There must be a jury trial in this case.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.