AUGUSTO SÁNCHEZ OTERO, Plaintiff and Appellee, *v.* TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 10214. Argued December 1, 1950.—Decided February 6, 1951.

---

*José C. Aponte, Acting Attorney General,* and *M. Rodríguez Alberty, Assistant Attorney General,* for appellant. *J. Ramírez Santibáñez* and *A. E. Franco Cabrero* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Appellee herein, the owner of an insured public automobile, was engaged in the transportation of passengers between the Cordillera Ward of Ciales and said town. Once when the appellee was going from Cordillera to Ciales, a passenger, carrying several packages, boarded the vehicle and the appellee motioned to him to put the packages on the floor of the car, where the back-seat passengers rest their feet. Shortly thereafter, the police stopped the automobile and upon searching the packages brought along by the passenger, they found that the packages contained bootleg rum without the excise tax imposed by the Spirits and Alcoholic Beverages Act of 1936 having been paid, whereupon the passenger and the appellee were taken before the Municipal

Judge of Ciales. Both were charged with a violation of said Act, the passenger being sentenced and the appellee acquitted.

The Treasurer of Puerto Rico, based on § 62 of the aforesaid Act,[1] ordered the confiscation of the vehicle which had been seized by the policeman when the appellee was caught transporting the liquor. For such reason the appellee instituted this suit in the lower court requesting that the confiscation ordered by the Treasurer be annulled and the automobile returned to him.

The lower court, after a trial on the merits, granted the complaint and consequently ordered the return of the vehicle to the appellee. It found, from the evidence as a whole, that undoubtedly the owner and driver of the vehicle had no knowledge nor took part in the transportation of the liquor, having transported those bundles under the impression that they were the packages usually carried by passengers to their destination.

Citing our decision in *General Motors Acceptance* v. *Brañuela et al.*, 61 P.R.R. 701 and others in the same sense rendered by continental courts, the Treasurer prays that we reverse the judgment of the lower court and declare the confiscation valid.

██ At the beginning of our discussion it seems convenient to make a brief summary of the case of General Motors Acceptance. In that case Caribe Motor condition-

---

[1] Section 62 of the Beverage Act of Puerto Rico, as amended by Act No. 244 of May 12, 1945, reads:

"The Treasurer is hereby authorized to confiscate any vehicle, boat, motor launch, horse, beast, or any water or air craft which is apprehended loaded or while loading, unloading, transporting, carrying or transferring any distilled spirits or alcoholic beverages illegally manufactured, imported, distilled or rectified and on which the taxes prescribed by this Act have not been paid; and the same shall be sold at public auction for the benefit of The People of Puerto Rico; *Provided*, That the Treasurer in his discretion may, if the public service so requires, designate such vehicles, boats, motor launches, or horses as he may deem necessary for the official use of the officers or employees duly authorized by the Department of Finance."

ally sold an automobile to Petra Brañuela. Subsequently the conditional seller assigned to General Motors Acceptance its rights in the aforesaid contract. Some time later the automobile was seized by the Treasurer of Puerto Rico on the ground that its chauffeur, Juan Reyes Maldonado, had used it in transporting thirty-five gallons of alcohol in violation of the Spirits and Alcoholic Beverages Act. After the seizure, General Motors filed a petition for repossession against the Treasurer, who was in possession of the automobile, and against the conditional purchaser, Petra Brañuela. In his petition he alleged the conditional sale made by Caribe Motors in favor of Brañuela, the conveyance made to it by Caribe Motors of its rights in the contract; the nonperformance of the contract on the part of Brañuela in using or allowing the automobile to be used in the illegal transportation of alcohol, alleging besides that the purchaser owed it the sum of $528.12 and that the vehicle had been seized by the Treasurer. The district court dismissed the petition for repossession and General Motors Acceptance having appealed to this Court, the judgment was affirmed. We based affirmance on the ground that the confiscation proceeding referred to in § 62 above mentioned is directed against the vehicle itself and not against its owner or the persons who might have some right over it, that the rights of the owner and of the third innocent parties are not protected against the seizure, except in those cases in which it is proved that the possession of the vehicle was obtained by the violator of the law, without the express or implied consent of the owner or third innocent party. In other words, that if the owner or the third innocent party directly, or indirectly has placed the vehicle in the possession of the violator, the rights of the former, although personally innocent of the violation, are affected adversely by the use which may be given to the vehicle by the person to whom it was entrusted. *A contrario sensu,* if the person in charge of

the vehicle is not guilty of the violation, confiscation does not lie to the prejudice of the owner or third party innocent claimant.

 Despite the difference between the facts of this case and *General Motors Acceptance* v. *Brañuela, supra,* the doctrine established in the latter case gives us the necessary light to solve the problem now under our consideration. It is evident, we think, that if confiscation does not lie when neither the person entrusted with the vehicle nor the claimant has knowledge or reason to know the illegal use given to the vehicle, confiscation should likewise not lie when the person entrusted with the vehicle is the owner himself who is not guilty of the violation, as occurred here. We think it is desirable to state that the guilt or innocence of the person in charge of the automobile is a question of fact which must appear from the evidence. *Vandevander* v. *United States,* 172 F. 2d 100 (C.A. 5, 1949).

The judgment will be affirmed.