227 P.2d 630

**GOLDENBERG v. VILLAGE OF CAPITAN.**

No. 5300.

Supreme Court of New Mexico.

Feb. 10, 1951.

Brenton & Hall and Frank C. Boyce, all of Carrizozo, for appellant.

Irwin S. Moise, Lewis R. Sutin, Albuquerque, for appellee.

COMPTON, Justice.

The case is before us for a second time. 53 N.M. 137, 203 P.2d 370. It was remanded for a new trial, particularly for a determination of the question whether the contract of employment by which appellee was to perform services as a consulting engineer was affected by article 8–1707 (3), Bureau of Naval Personnel, relating to Naval Reserve Personnel placed on active duty in time of war, which reads: "When so placed on active duty, it is expected that officers and men will devote their whole time to naval duties and shall not engage in private employment, except in such cases as may be specifically authorized by the Bureau of Naval Personnel."

The deposition of Admiral Randall Jacobs, U.S.N. (Ret.), then Chief of Bureau of Naval Personnel, was admitted in evidence, after which appellee moved for a summary judgment. In his supporting affidavit, appellee admits that he did not have permission from the Bureau to engage in private employment. He explains, however, that had he made such request, the same would have been granted. Vice Admiral Jacobs also gave as his opinion that upon request, permission would have been favorably considered and granted but it would have required thirty days to process and finally pass on the application.

The contract required appellee's services over a period of years, a part of which was performed previous to his entry upon active duty.

Appellee says that 90% of the work required under the contract could have been done at Mobile and that not more than 10% of his time would have been required

at Capitan, and that at all times his services were available, and not having been called, there was no purpose in requesting leave.

 Obviously, appellee mistakes the force of the regulation. Its effect is not to be dispelled by showing what might have been done. Such contingency cannot be read into it. The inhibition is against private employment anywhere without permission previously authorized. The regulation has the force of law, and a party may not maintain an action if he must rely in whole or in part on a violation by him of some statutory regulation in order to maintain his cause of action. Hogue v. Superior Utilities, Inc., 53 N.M. 452, 210 P.2d 938; Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141.

In Havens v. Rochester Ropes, Inc., 267 App.Div. 394, 46 N.Y.S.2d 534, 536; Id., 293 N.Y. 659, 56 N.E.2d 256, the plaintiff had been employed to call upon aircraft manufacturers for the sale of its products, aircraft cables. His duties required him to call in person upon such manufacturers and to keep in touch with them by telephone, correspondence, etc. The plaintiff was called into active duty as a Lieutenant-Commander in the United States Naval Reserve. He contended that the change of status did not prevent him from continuing his obligation under the contract. The defendant took the position that it would be unlawful to continue the plaintiff in its employ and, further, that he could not because of his full time naval service, discharge the duties as contemplated by the contract. A judgment for plaintiff was *reversed on the law*, the opinion stating: "The jury found a verdict for plaintiff, and thereby implied that despite his naval service he was able to continue to represent the defendant as required by the contract. I think the finding is contrary to the evidence and the weight of the evidence; but the disposition of this appeal does not rest on that ground. The contract became, in law, impossible of performance by plaintiff. His obligations required him to make personal calls on manufacturers within the territory lying, roughly, east of the Mississippi River. Because of his obligations to the Navy it is impossible for him to fulfill this obligation. It is true that it does not appear that after June, 1942, any specific occasion arose requiring him to travel on the defendant's behalf to a point more than twenty-five miles from his naval station. The necessity, however, for showing any such requirement was eliminated by plaintiff's theory that he was wrongfully discharged in June. The concession that plaintiff would require a superior officer's permission for an extended trip indicated that by his naval service a situation came about whereunder plaintiff's ability to perform was made conditional;

and the condition was never assented to by defendant. On any specific occasion defendant should not be required to await the pleasure of a superior naval officer to determine whether or not its employee may travel in furtherance of defendant's business. Impossibility of performance, as viewed in law, does not mean absolute impossibility, but refers to a situation in which performance is impracticable without undue disturbance of normal operations of trade or commerce. Restatement, Contracts, § 454. When the availability of the service of its employee was made to depend upon the consent of a third party the defendant was not only confronted with a condition which it had never accepted but with a situation which entitled it to believe that reasonable performance by its employee had become impossible."

■ We do not suggest that appellee's entry upon active duty with the Naval Personnel terminated his contract. We simply hold that his failure to obtain the required permission rendered the contract, in law, impossible of performance by him.

There has arisen confusion with respect to certain statements in the former opinion and we avail ourselves of the opportunity to clarify and correct them. The statements are:

"The principle is well established that where both parties to an action request the court to direct a verdict in their behalf, and make no request that the jury be allowed to determine questions of fact, findings and conclusions must be made unless waived.

" * * * But where only one of the parties asks for a directed verdict, and it is granted, findings of fact and conclusions of law are unnecessary."

■ Stated without artifice, motion of both sides for a directed verdict no longer amounts to a waiver of jury trial. Rule 50(a), Our Rules of Civil Procedure, 1941 Comp. § 19–101; United States v. Brown, 4 Cir., 107 F.2d 401; Vandevander v. United States, 5 Cir., 172 F.2d 100.

■ Clearly, where one of the parties ask for a directed verdict and it is granted, findings of fact and conclusions are necessary unless waived. We so held in Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508; and Norrow v. Martinez, 27 N.M. 354, 200 P. 1071.

The judgment will be reversed with directions to the trial court to reinstate the case upon its docket and enter judgment for appellant and dismiss appellee's complaint.

And it is so ordered.

LUJAN, C. J., and McGHEE and COORS, JJ., concur.

SADLER, J. dissenting.

SADLER, Justice (dissenting).

Since it is an indisputable fact in the record of this and the former appeal that defendant treated plaintiff's entry on active duty in the navy as automatically canceling his contract, he was not called upon under the naval regulation in question to seek authority to perform services never tendered him. Restatement of the Law of Contracts, § 306. Nevertheless, the prevailing opinion proceeds to overturn a favorable judgment recovered by him following reversal and remand on the former appeal on account of a naval regulation noticed by the court of its own motion in considering that appeal. Such an effect could only properly follow denial by Bureau of Naval Personnel of an application to it under the regulation for authority to perform services never tendered plaintiff because of defendant's unwarranted contention that his contract was canceled when called to active duty in the navy.

It is my considered judgment that the majority have appraised the situation confronting plaintiff upon being called to active duty with greater severity and harshness than did the Bureau of Naval Personnel itself in like situations in World War II, as shown by the testimony of Vice Admiral Jacobs taken by deposition on the second trial. The naval regulation was not even noticed by court or counsel on former trial. In such circumstances, it might well have been noticed here to support a judgment otherwise correct and presumed to be, Lockhart v. Wills, 9 N.M. 344, 54 P. 336; Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921; State ex rel. Sanchez v. Stapleton, 48 N.M. 463, 152 P.2d 877, but in my opinion it was not noticeable as a ground of reversal since it was not a jurisdictional matter nor rendered the judgment inherently defective. Murry v. Belmore, 21 N.M. 313, 154 P. 705; Ashley v. Jones, 27 N.M. 34, 192 P. 479; State v. City of Albuquerque, 31 N.M. 576, 249 P. 242.

It is my abiding conviction that the prevailing opinion imposes an undue and unnecessary hardship on service men and women called suddenly into the armed forces with uncompleted contracts for personal services of a nature they can still perform, as in the case at bar. As testified by Vice Admiral Jacobs, and found by the trial court, the naval authorities appreciated this situation and treated it with all leniency.

Under the majority view a writer of magazine articles, for instance, with a contract for two articles in a monthly publication, one of which he had supplied before entering the service, would be denied the right to complete the partly finished second article while off duty and receive his compensation without seeking

and having authority of Bureau of Naval Personnel. In my opinion such a construction of the rights of service men and women certainly is not compelled and, hence, should be avoided. Instead of seeking to soften hardships arising under existing contracts incident to service for their country, it operates to make them more difficult and often times financially disastrous.

I dissent.