229 P.2d 708

**ROBINSON et ux. v. LEHNERT.**

No. 5037.

Supreme Court of Arizona.

March 26, 1951.

Rehearing Denied April 24, 1951.

Gordon G. Aldrich, of Tucson, Darnell, Robertson & Holesapple, of Tucson, for appellants.

Fred W. Fickett, Robert A. May, and William S. Dunipace, all of Tucson, for appellee.

DE CONCINI, Justice.

Ralph H. Lehnert, plaintiff, brought suit against Louis Robinson et ux., for damages resulting from an automobile accident. Defendants cross-complained for their own damages and alleged negligence on the part of plaintiff. At the close of the case both sides moved for a directed verdict in their favor. The trial court directed a verdict in favor of the plaintiff on the question of liability on the ground that the evidence showed that as a matter of law the defendants were "wantonly and recklessly negligent and therefore guilty of gross negligence." The court denied the motions of the defendants, and then submitted the question of damages to the jury. From these rulings and judgment the defendants brought this appeal.

The facts as brought out on the trial are as follows: Plaintiff was driving alone in a Plymouth car about 7 p.m. on January 19, 1946, in a southerly direction on North Stone Avenue in the vicinity of Luna Street near Tucson, Arizona. Luna Street runs east and west and intersects Stone Avenue at right angles. The defendants were traveling east on Luna. There were no eye witnesses to the accident except the parties hereto. Both cars had their headlights on.

Plaintiff testified he was driving approximately 30 miles per hour. He stated he slowed down to 25 miles per hour as he approached the intersection, that he looked both east and west on Luna, that he saw no other car and that is all he could remember until he regained consciousness after the accident.

Defendants testified they were driving east on Luna about 20 miles per hour. That they stopped a few feet short of the "Stop" sign on Luna at Stone Avenue. That they looked to the north and saw plaintiff's car about 300 feet away and looked to the south and saw no one coming. Defendant Louis Robinson said just time enough for him to look both ways elapsed before he entered the intersection. Defendant also said he judged plaintiff was driving about 35 to 40 miles per hour when he first saw him and in retrospect on the witness stand he said "Well, I would

say, the length of time it taken him to get down there, he was driving around 50 miles per hour."

The accident occurred in approximately the center of the intersection. Both cars were severely damaged and plaintiff was seriously hurt.

Appellants assign four errors of the trial court which revolve around the action directing a verdict on the question of liability in favor of plaintiff on the ground that defendants were guilty of wanton, wilful and gross negligence.

Wanton and wilful negligence is defined in Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816, 819, wherein we cited Restatement of the Law, Torts, Vol. II, Sec. 500, p. 106: " 'The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.' "

▪ The evidence with reference to the negligence is substantially as delineated above. A careful analysis of this testimony does not justify an inference or finding of gross negligence on the part of the defendants. The question of neg-ligence and proximate cause under both the complaint and cross-complaint, under appropriate instructions, should have been submitted to the jury. Keeler v. Maricopa Tractor Co., 59 Ariz. 94, 123 P.2d 166.

▪ We have heretofore held that where a party is guilty of wanton and gross negligence he cannot rely on the contributory negligence of the other party; Alabam Freight Lines v. Phoenix Bakery, supra. However that case can have no applicability here because there was no gross negligence shown.

Defendants raise the proposition that a motion for a directed verdict does not constitute a waiver of a trial by jury in the event the motion be denied. It is not necessary to decide that question in this case because in spite of both parties making motions for a directed verdict the issue of damages was submitted to the jury. However, we believe we should put at rest the question of the efficacy of Rule 50(a), Sec. 21–1014, A.C.A.1939: " * * * A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. * * *"

Prior to the adoption of the above rule in 1940 the law was that such a motion by both parties amounted to a waiver of the right to have the matter submitted to the jury. Fagerberg v. Phoenix Flour Mills Co., 50 Ariz. 227, 71 P.2d 1022; Garrett

v. Reid-Cashion Land & Cattle Co., 34 Ariz. 482, 272 P. 918. In Hammond v. A. J. Bayless Markets, Inc., 58 Ariz. 58, 117 P.2d 490, we recognized the change due to the new rules of Civil Procedure, Rule 50 (a), supra.

However in · City of Tucson v. O'Rielly Motor Co., 64 Ariz. 240, 168 P.2d 245, we failed to take cognizance of Rule 50 (a) and reverted to the waiver doctrine. That matter was not properly raised in the latter case and therefore was obiter dictum. In the O'Rielly case the defendant didn't put any evidence on whatsoever and so there was nothing to submit to the jury except plaintiff's un-contradicted evidence. It was therefore proper for. the court to decide the matter without the assistance of the jury. To put at rest the question of the validity of Rule 50 (a) we now hold it is in full force and effect, anything in City of Tucson v. O'Rielly Motor Co. notwith-standing. Fed. Practice & Procedure, Barron & Holtzoff, 1950, Vol. 2; Van-devander v. United States, 5 Cir., 1949, 172 F.2d 100; Starfred Properties v. Ettinger, 2 Cir., 1943, 131 F.2d 575; United States v. Brown, 4 Cir., 1939, 107 F.2d 401.

Reversed and remanded for a new trial.

UDALL, C. J., and S T A N F O R D, PHELPS and LA PRADE, JJ., concur.